I MOAN BERNARD ARMSTRONG, Judge.
This case is a dispute over the ownership of certain land and the building thereon in New Orleans. The appellant is the Memorial Hall Museum, Inc. (“MHMI”). The appellee is the University of New Orleans Foundation (“UNO Foundation”). The trial court found that the property in question is owned by the UNO Foundation rather than by the MHMI. We agree with the trial court that the UNO Foundation owns the property in question. Therefore, we will affirm.
The MHMI argues that the property (informally referred to as the “Confederate Museum”) was donated to its predecessor, the Louisiana Historical Association, or that it and/or the Louisiana Historical Association acquired title by acquisitive prescription. The UNO Foundation argues that the ownership of the property was not donated, that the MHMI did not acquire ownership by acquisitive prescription, and that, if title was acquired by the MHMI by acquisitive prescription, then the MHMI renounced that prescription. The trial court granted summary judgment in favor of the UNO Foundation as to all three issues and held that the ownership of the property was not donated, that there was no acquisitive | {¡prescription and, if there was acquisitive prescription, it was renounced. We agree with the trial court that ownership of the property was not donated and that title was not acquired by acquisitive prescription. We need not and do not address renunciation of acquisitive prescription.
The Howard Memorial Library Association (“HMLA”), the ancestor in title to the UNO Foundation, was organized in New Orleans in the late Nineteenth Century to administer the Howard Memorial Library in New Orleans. The library was housed on property in New Orleans. The library *627 included a collection of materials related to the Confederacy. In order to house that collection, Frank T. Howard had constructed an annex next to the library. That annex, now known as the Confederate Museum, is the property at issue in the present case.
A group known as the Louisiana Historical Association (“LHA”), the predecessor to the MHMI, was seeking a place to house a collection of materials related to the Confederacy. Frank T. Howard decided to let the LHA use the annex building to house the LHA’s collection. He gave a speech in 1891 in which he stated:
It is with deep satisfaction that I perform the act of formally putting into your possession the Budding, which, while it is an Adjunct of the Howard Memorial Library Association, is to be set apart forever for the use of your organization.
Mr. Howard wrote down the speech and gave it to the LHA.
Appellant MHMI argues that, by giving the speech, writing it down, and giving the writing to the LHA, Mr. Howard donated the ownership of the annex labuilding to the LHA. We disagree. Mr. Howard did not say in the speech that he was donating the ownership of the building to the LHA. He spoke only of putting the LHA into “possession” of the building and of the building being for the “use” of the LHA. In short, Mr. Howard stated only that he would allow the LHA to use the building forever. The parties dispute as to exactly what rights, if any, Mr. Howard gave to the LHA. We need not, and do not, decide such issues. The present appeal concerns ownership of the property and it is apparent that Mr. Howard did not state that he was giving ownership of the annex building to the LHA. Thus, the trial court was correct in finding that ownership of the building was not donated to the LHA.
Because Mr. Howard’s 1891 speech did not donate ownership of the property to the LHA, ten year acquisitive prescription is not applicable. See La. Civ.Code art. 3474 (1870).
As the LHA took possession of the property in 1891, thirty year acquisitive prescription could have begun running at that time, and the LHA could have acquired title as early as 1921, if the LHA openly, uninterruptedly and unequivocally possessed the property as owner for thirty years. La. Civ.Code art. 3475 (1870); La. Civ.Code art. 3500 (1870). However, there is a great deal of undisputed evidence that, far from unequivocally asserting ownership of the property, the LHA recognized that the HMLA was the owner of the property. In 1912, at a meeting of the LHA’s Board of Governors, a committee appointed to investigate the status of the property concluded that the property belonged to the | ¿HMLA. At a March 4, 1931 meeting attended by the LHA and the HMLA members, an attorney retained by the LHA determined that the LHA had no legal claim to the property.
Appellant MHMI argues that a 1931 agreement, whereby the LHA allowed the HMLA to use part of the museum building, constituted an act of ownership by the LHA, recognized by the HMLA, and started the running of thirty year acquisitive prescription so that LHA acquired title to the property in 1961. We disagree, the LHA was given the right to use all of the building in 1891 and simply, in turn, gave some of that right to the HMLA in 1931. Both the LHA and the HMLA were of the understanding, in 1931, that the LHA had the right to use the entire building and so the fact that they entered into an agreement allowing the HMLA to use part of the building does not indicate that the *628 LHA or the HMLA believed that the LHA was the owner of the building.
The MHMI points to a 1981 resolution of the LHA whereby the LHA “denied” the claim of HMLA to the property and thus, presumably, implied that the LHA owned the property. However, there is no evidence that this resolution was communicated to the HMLA or that there was any outward change in the routine of the LHA’s use of the property. Thus, there is no evidence that the LHA began to openly and unequivocally possess the property “as owner” in 1931. Accordingly, not only is there no evidence that the LHA ever possessed the property openly and unequivocally as owner for any thirty year period, the evidence to the contrary is undisputed.
I.Jn sum, the property was not donated by Mr. Howard to the MHMI’s predecessor, the LHA, and the LHA and the MHMI never acquired ownership of the property by acquisitive prescription. Therefore, the HMLA never lost ownership of the property until it conveyed ownership of the property, by deed, to the UNO Foundation. Consequently, the UNO Foundation is the owner of the property.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
MURRAY, J., concurs with reasons.
GORBATY, J., concurs.